# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY DOMONTAY MARION, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-116-RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of movant Anthony Domontay Marion's response to this Court's February 19, 2021 order directing him to show cause why his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should not be dismissed as untimely. After reviewing and considering movant's response, the Court has determined that the motion is untimely, and movant has failed to show cause why it should not be dismissed as such. The Court will therefore dismiss the motion without further proceedings. The Court will also decline to issue a certificate of appealability.

The basis for determining the motion is untimely is fully explained in the Court's February 19, 2021 order. However, following is a brief recitation. Judgment in movant's criminal case was entered on September 12, 2019, and became final for purposes of the federal habeas statute on September 26, 2019. The one-year limitations period provided in 28 U.S.C. § 2255(f)(1) expired one year later, on September 26, 2020, but movant did not file the instant motion until January 21, 2021. The motion therefore could not be considered timely under 28 U.S.C. § 2255(f)(1), and movant did not contend, nor was it apparent, that it could be considered timely under any other subsection of that statute.

In the response now before the Court, movant makes no attempt to argue that his motion is in fact timely, or that his untimely filing should be excused. Instead, movant acknowledges his guilty plea and sentence, and cites the subsection of Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts that allows the district court to direct parties to expand the record. Movant then writes: "Because Mr. Marion has conceded to the fact(s) of his case; its only [*sic*] fair that the motion be granted . . . at least for the purpose of mitigated-adequate relief." (ECF No. 5 at 3). After filing the response, movant submitted copies of the September 12, 2019 judgment in his criminal case, along with a copy of the Court's docket sheet.

The Court has thoroughly reviewed and carefully considered movant's response, and concludes it provides no basis to conclude that the instant motion is timely or that its untimeliness should be excused. Having determined that the motion is untimely and that movant has failed to show cause why it should not be dismissed as such, the Court will dismiss the motion at this time, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because movant has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant Anthony Domontay Marion's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 19th day of March, 2021.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE